AO93 Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
District of Arizona

In the Matter of the Search of:

One black Motorola touchscreen cellphone type MC3BD, International Mobile Equipment Identity (IMEI) 357081734240111, and a black Samsung touchscreen cellphone with IMEI 350121674294632

Case No. 22-3104MB

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the District of Arizona:

**As further described in Attachment A.**

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal:

**As set forth in Attachment B.**

**YOU ARE COMMANDED** to execute this warrant on or before 4-21-22 *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m. ☒ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to <u>any United States Magistrate Judge on criminal duty in the District of Arizona</u>.

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized ☐ for  30  days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: 4-7-22 @ 11:54 A.M.    *MJ Morrissey*
                                              *Judge's signature*

City and state: <u>Phoenix, Arizona</u>          <u>Honorable Michael T. Morrissey, U.S. Magistrate Judge</u>
                                                 *Printed name and title*

## ATTACHMENT A

*Property to be searched*

The property to be searched is a black Motorola touchscreen cellphone type MC3BD, International Mobile Equipment Identity (IMEI) 357081734240111, and a black Samsung touchscreen cellphone with IMEI 350121674294632 (the "SUBJECT CELLULAR TELEPHONES"). The SUBJECT CELLULAR TELEPHONES are currently located at the DEA YRO, 7101 E 29th St., Suite 104, Yuma, Arizona 85365.

This warrant authorizes the forensic examination of the SUBJECT CELLULAR TELEPHONES for the purpose of identifying the electronically stored information described in Attachment B.

## ATTACHMENT B

*Property to be seized*

1. Any records and information found within the digital contents of the SUBJECT CELLULAR TELEPHONES that relate to violations of 21 U.S.C. § 846 (Conspiracy to Possess with Intent to Distribute a Controlled Substance), 21 U.S.C. § 841 (Possession with Intent to Distribute a Controlled Substance), and 21 U.S.C. § 843(b) (Use of a Communication Facility to Commit a Federal Drug Felony), including:

    a. all information related to the sale, purchase, receipt, shipping, importation, transportation, transfer, possession, or use of drugs;

    b. all information related to buyers or sources of drugs (including names, addresses, telephone numbers, locations, or any other identifying information);

    c. all bank records, checks, credit card bills, account information, or other financial records;

    d. all information regarding the receipt, transfer, possession, transportation, or use of drug proceeds;

    e. any information recording schedule or travel;

    f. evidence indicating the cellular telephone user's state of mind as it relates to the crime under investigation;

    g. contextual information necessary to understand the above evidence.

2. Any records and information found within the digital contents of the SUBJECT CELLULAR TELEPHONES showing who used or owned the device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

As used above, the terms "records" and "information" includes records of telephone calls; names, telephone numbers, usernames, or other identifiers saved in address books, contacts lists and other directories; text messages and other stored communications; subscriber and device information; voicemails or other audio recordings; videos; photographs; e-mails; internet browsing history; calendars; to-do lists; contact information; mapping and GPS information; data from "apps," including stored communications; reminders, alerts and notes; and any other information in the stored memory or accessed by the electronic features of the cellular telephone.

AO 106 Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
District of Arizona

In the Matter of the Search of:

One black Motorola touchscreen cellphone type MC3BD, International Mobile Equipment Identity (IMEI) 357081734240111, and a black Samsung touchscreen cellphone with IMEI 350121674294632

Case No. 22-3104 MJ

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property:

**As further described in Attachment A**

located in the District of Arizona, there is now concealed:

**As set forth in Attachment B.**

The basis for the search under Fed. R. Crim. P. 41(c) is:
☒ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☒ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code/Section | Offense Description |
|---|---|
| 21 U.S.C. § 841 | Possession with Intent to Distribute Methamphetamine |
| 21 U.S.C. § 846 | Conspiracy to Distribute Dangerous Drugs |
| 21 U.S.C. § 843(b) | Use of a Communication Facility to Commit a Federal Drug Felony |

The application is based on these facts:

**See attached Affidavit of Special Agent Ivan Valenzuela**

☒ Continued on the attached sheet.
☐ Delayed notice of _30_ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

Reviewed by AUSA STUART J. ZANDER /SZ

_/s/ Valenzuela_
*Applicant's Signature*

DEA Special Agent Ivan Valenzuela
*Printed name and title*

Electronically signed and telephonically sworn.

Date: 4-7-22 @ 11:54 a.m.

_MJ Morrissey_
*Judge's signature*

City and state: Phoenix, Arizona

Honorable Michael T. Morrissey, U.S. Magistrate Judge
*Printed name and title*

## ATTACHMENT A

*Property to be searched*

The property to be searched is a black Motorola touchscreen cellphone type MC3BD, International Mobile Equipment Identity (IMEI) 357081734240111, and a black Samsung touchscreen cellphone with IMEI 350121674294632 (the "SUBJECT CELLULAR TELEPHONES"). The SUBJECT CELLULAR TELEPHONES are currently located at the DEA YRO, 7101 E 29th St., Suite 104, Yuma, Arizona 85365.

This warrant authorizes the forensic examination of the SUBJECT CELLULAR TELEPHONES for the purpose of identifying the electronically stored information described in Attachment B.

## ATTACHMENT B

*Property to be seized*

1. Any records and information found within the digital contents of the SUBJECT CELLULAR TELEPHONES that relate to violations of 21 U.S.C. § 846 (Conspiracy to Possess with Intent to Distribute a Controlled Substance), 21 U.S.C. § 841 (Possession with Intent to Distribute a Controlled Substance), and 21 U.S.C. § 843(b) (Use of a Communication Facility to Commit a Federal Drug Felony), including:

   a. all information related to the sale, purchase, receipt, shipping, importation, transportation, transfer, possession, or use of drugs;

   b. all information related to buyers or sources of drugs (including names, addresses, telephone numbers, locations, or any other identifying information);

   c. all bank records, checks, credit card bills, account information, or other financial records;

   d. all information regarding the receipt, transfer, possession, transportation, or use of drug proceeds;

   e. any information recording schedule or travel;

   f. evidence indicating the cellular telephone user's state of mind as it relates to the crime under investigation;

   g. contextual information necessary to understand the above evidence.

2. Any records and information found within the digital contents of the SUBJECT CELLULAR TELEPHONES showing who used or owned the device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

As used above, the terms "records" and "information" includes records of telephone calls; names, telephone numbers, usernames, or other identifiers saved in address books, contacts lists and other directories; text messages and other stored communications; subscriber and device information; voicemails or other audio recordings; videos; photographs; e-mails; internet browsing history; calendars; to-do lists; contact information; mapping and GPS information; data from "apps," including stored communications; reminders, alerts and notes; and any other information in the stored memory or accessed by the electronic features of the cellular telephone.

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

Your Affiant, Ivan Valenzuela being first duly sworn, hereby deposes and states as follows:

### I. INTRODUCTION AND AGENT BACKGROUND

1. Your Affiant makes this Affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a warrant to examine the cellular telephones further described in Attachment A (hereafter "SUBJECT CELLULAR TELEPHONES"), and in order to extract the electronically stored information set forth in Attachment B, which represent evidence and/or instrumentalities of the criminal violations further described below.

2. I am a Special Agent with the Drug Enforcement Administration, and have been since February of 2017. I successfully completed the DEA Basic Agent Training in Quantico, Virginia, from September of 2016 to February of 2017, where I received several hundred combined hours of comprehensive, formalized instruction in such matters as drug identification, detection, trafficking/interdiction, and money laundering techniques, as well as asset identification, seizure, and forfeiture. Throughout my time in law enforcement, I have conducted and participated in multiple investigations involving the unlawful importation, transportation, and distribution of drugs, including cocaine, heroin, methamphetamine, marijuana, and fentanyl. I have debriefed defendants and witnesses who had personal knowledge regarding major Transnational Criminal Organizations (TCOs). I have also participated in conducting physical and electronic surveillance, using confidential sources, executing search warrants, and making arrests. I am familiar with methods employed by large drug organizations and the tactics they use to evade law enforcement, such as the frequent changing of cellular telephones, the use of prepaid phones (burner phones), counter-surveillance, elaborately planned smuggling schemes tied to legitimate businesses, the use of false or fictitious identities, the use of vehicle to conceal

and transport illegal contraband, and the use of word substitution in communications and conversations. I was employed as an analytical linguist for DEA Title III investigations from 2014 to 2016. I hold a Master of Arts degree in clinical psychology from the University of Colorado at Colorado Springs and a Bachelor of Arts degree in psychology from Northern Arizona University.

3. The statements contained in this Affidavit are based on information derived from your Affiant's personal knowledge, training and experience, and information obtained from the knowledge and observations of other sworn law enforcement officers, either directly or indirectly through their reports or affidavits.

4. Because this Affidavit is being submitted for the limited purpose of establishing probable cause for the requested warrant, your Affiant has not set forth all of the relevant facts known to law enforcement officers.

## II.  BASIS FOR PROBABLE CAUSE

5. On March 28, at approximately 4:03 p.m., an Arizona Department of Public Safety (AZDPS) Trooper conducted a traffic stop on a silver Mini Cooper driven by Jesus QUINTERO-Hernandez for committing a traffic violation on McDowell Road and 67th Avenue in Phoenix, Arizona. QUINTERO-Hernandez was the sole occupant and registered owner of the vehicle. During the course of the stop, QUINTERO-Hernandez stated he did not have a driver license and was only able to identify himself by a Mexico voter registration card. QUINTERO-Hernandez was unable to provide any documents or proof that he possessed a valid driver license in any jurisdiction. Based on Arizona Revised Statute (ARS) 28-3511A1B; Removal and Immobilization; the Trooper impounded QUINTERO-Hernandez' vehicle. During the vehicle inventory, AZDPS found a Metro by T-Mobile purple bag on the back seat of the Mini Cooper within the control of QUINTERO-Hernandez. The purple bag contained 19 individually sealed clear plastic

bags containing blue pills labeled "M30." Based on training and experience, your affiant knows M30 pills are commonly found to be fake oxycodone pills laced with clandestine fentanyl, a Scheduled II Controlled Substance. Based on training and experience, your affiant knows it is common practice for drug trafficking organizations (DTOs) to package large amounts of fentanyl pills into smaller packages for the purposes of sales and distribution. The M30 pills seized from QUINTERO-Hernandez' vehicle weighed approximately two kilograms. The SUBJECT CELLULAR TELEPHONES were seized by AZDPS Troopers during QUINTERO-Hernandez' vehicle inventory. On April 4, 2022, a sample pill was tested by a DEA laboratory. The laboratory results indicated the sample pill tested positive for the properties of fentanyl. On April 5, 2022, a federal Grand Jury in the District of Arizona, returned a True Bill charging QUINTERO-Hernandez with one count of Possession with Intent to Distribute Fentanyl (22-cr-258-PHX-SPL) in violation of Title 21 U.S.C. Section 841.

6. Based on training and experience, your Affiant knows it is common practice for drug couriers to carry two cellphones while engaging in drug-related criminal activity. Based on training and experience, your Affiant knows drug traffickers carry an additional phone, commonly known as a "burner" phone, utilized to communicate with other co-conspirators responsible for providing the courier with directions on where to pick up the drugs and where to deliver them. The use of two cellphone devices allows subjects involved in drug trafficking to compartmentalize their communications in order to thwart law enforcement efforts to identify the electronic communication devices used in drug trafficking activity. Based on the style in which the fentanyl pills were packaged, you Affiant believes QUINTERO-Hernandez was working with co-conspirators to transport the fentanyl pills to other locations for re-sale and distribution. Based on the aforementioned information, and training and experience, your Affiant believes on March 28, 2022, QUINTERO-Hernandez utilized the SUBJECT CELLULAR TELEPHONES to communicate and plan with other

3

co-conspirators during the transportation of the fentanyl pills found by AZDPS Troopers in his vehicle.

7. The SUBJECT CELLULAR TELEPHONES are currently in the lawful possession of the DEA. On March 28, 2022, AZDPS seized the SUBJECT CELLULAR TELEPHONES during the arrest of QUINTERO-Hernandez and vehicle inventory of QUINTERO-Hernandez' vehicle. On March 29, 2022, AZDPS transferred custody of the SUBJECT CELLULAR TELEPHONES to DEA YRO investigators. Therefore, while the DEA might already have all necessary authority to examine the device, I seek this additional warrant out of an abundance of caution to be certain that an examination of the device will comply with the Fourth Amendment and other applicable laws.

8. The SUBJECT CELLULAR TELEPHONES are currently in storage at the DEA YRO, located at 7101 E 29th St., Suite 104, Yuma, Arizona 85365. In my training and experience, I know that the SUBJECT CELLULAR TELEPHONES have been stored in a manner in which the contents are, to the extent material to this investigation, in substantially the same state as they were when the SUBJECT CELLULAR TELEPHONES first came into the possession of AZDPS and the DEA.

9. Based upon the facts contained in this Affidavit, your Affiants submits there is probable cause to believe that the items listed in Attachment B will be found in the contents of the SUBJECT CELLULAR TELEPHONES.

   a. Drug traffickers commonly use cellular telephones to communicate with other drug traffickers and customers about drug-related activities through the use of telephone calls, text messages, email, chat rooms, social media, and other internet- and application-based communication forums. Moreover, drug traffickers commonly use other capabilities of cellular telephones to further their drug trafficking and money laundering activities. Therefore, evidence related to drug

4

trafficking activity and money laundering activity is likely to be found on the SUBJECT CELLULAR TELEPHONES.

**DIGITAL EVIDENCE STORED WITHIN A CELLULAR TELEPHONE**

10. As described in Attachment B, this application seeks permission to search for records and information that might be found in the contents of the SUBJECT CELLULAR TELEPHONES. Thus, the warrant applied for would authorize the copying of electronically stored information under Rule 41(e)(2)(B).

11. *Probable cause.* Your Affiant submits that there is probable cause to believe records and information relevant to the criminal violations set forth in this Affidavit will be stored on the SUBJECT CELLULAR TELEPHONES for at least the following reasons:

   a. Your Affiant knows that when an individual uses a cellular telephone, the cellular telephone may serve both as an instrumentality for committing the crime and also as a storage medium for evidence of the crime. The cellular telephone is an instrumentality of the crime because it is used as a means of committing the criminal offense. The cellular telephone is also likely to be a storage medium for evidence of crime. From my training and experience, your Affiant believes that a cellular telephone used to commit a crime of this type may contain: data that is evidence of how the cellular telephone was used; data that was sent or received; notes as to how the criminal conduct was achieved; records of Internet discussions about the crime; and other records that indicate the nature of the offense.

   b. Based on my knowledge, training, and experience, your Affiant knows that cellular telephones contain electronically stored data, including, but not limited to, records related to communications made to or from the cellular telephone, such as the associated telephone numbers or account identifiers, the dates and times of the communications, and the content of stored text messages, e-mails, and other communications; names and telephone numbers stored in electronic "address books;"

5

photographs, videos, and audio files; stored dates, appointments, and other information on personal calendars; notes, documents, or text files; information that has been accessed and downloaded from the Internet; and global positioning system ("GPS") information.

c. Based on my knowledge, training, and experience, your Affiant knows that electronic files or remnants of such files can be recovered months or even years after they have been downloaded onto a cellular telephone, deleted, or viewed via the Internet. Electronic files downloaded to a cellular telephone can be stored for years at little or no cost. Even when files have been deleted, they can be recovered months or years later using forensic tools. This is so because when a person "deletes" a file on a cellular telephone, the data contained in the file does not actually disappear; rather, that data remains on the cellular telephone until it is overwritten by new data.

d. Therefore, deleted files, or remnants of deleted files, may reside in free space or slack space—that is, in space on the cellular telephone that is not currently being used by an active file—for long periods of time before they are overwritten. In addition, a cellular telephone's operating system may also keep a record of deleted data in a "swap" or "recovery" file.

12. *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronic files that might serve as direct evidence of the crimes described on the warrant, but also for forensic electronic evidence that establishes how the cellular telephone was used, the purpose of the use, who used it, and when. There is probable cause to believe that this forensic electronic evidence will be found in the contents of the SUBJECT CELLULAR TELEPHONES because:

a. Data in a cellular telephone can provide evidence of a file that was once in the contents of the cellular telephone but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

6

b.      As explained herein, information stored within a cellular telephone may provide crucial evidence of the "who, what, why, when, where, and how" of the criminal conduct under investigation, thus enabling the United States to establish and prove each element or alternatively, to exclude the innocent from further suspicion. In my training and experience, information stored within electronic storage medium (e.g., registry information, communications, images and movies, transactional information, records of session times and durations, internet history, and anti-virus, spyware, and malware detection programs) can indicate who has used or controlled the cellular telephone. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence. The existence or absence of anti-virus, spyware, and malware detection programs may indicate whether the cellular telephone was remotely accessed, thus inculpating or exculpating the owner. Further, activity on a cellular telephone can indicate how and when the cellular telephone was accessed or used. For example, as described herein, cellular telephones can contain information that log: session times and durations, activity associated with user accounts, electronic storage media that connected with the cellular telephone, and the IP addresses through which the cellular telephone accessed networks and the internet. Such information allows investigators to understand the chronological context of cellular telephone access, use, and events relating to the crime under investigation. Additionally, some information stored within a cellular telephone may provide crucial evidence relating to the physical location of other evidence and the suspect. For example, images stored on a cellular telephone may both show a particular location and have geolocation information incorporated into its file data. Such file data typically also contains information indicating when the file or image was created. The geographic and timeline information described herein may either inculpate or exculpate the user of the cellular telephone. Last, information stored within a cellular telephone may provide relevant insight into the user's state of mind as it relates to the

offense under investigation. For example, information within a computer may indicate the owner's motive and intent to commit a crime (e.g., internet searches indicating criminal planning), or consciousness of guilt (e.g., running a "wiping" program to destroy evidence on the computer or password protecting/encrypting such evidence in an effort to conceal it from law enforcement).

c. A person with appropriate familiarity with how a cellular telephone works can, after examining this forensic evidence in its proper context, draw conclusions about how the cellular telephone was used, the purpose of its use, who used it, and when.

d. The process of identifying the exact files, blocks, registry entries, logs, or other forms of forensic evidence on a cellular telephone that are necessary to draw an accurate conclusion is a dynamic process. While it is possible to specify in advance the records to be sought, cellular telephone evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on one cellular telephone is evidence may depend on other information stored on that or other storage media and the application of knowledge about how electronic storage media behave. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e. Further, in finding evidence of how a cellular telephone was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium. For example, the presence or absence of counter-forensic programs or anti-virus programs (and associated data) may be relevant to establishing the user's intent.

13. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant your Affiant is applying for would permit imaging or otherwise copying the contents of the SUBJECT CELLULAR TELEPHONES, including the use of computer-assisted scans.

8

14. *Manner of execution.* Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## CONCLUSION

15. Your Affiant submits there is probable cause to believe that the items listed in Attachment B, which constitute evidence and/or instrumentalities of violations of 21 U.S.C. § 846 (Conspiracy to Possess with Intent to Distribute a Controlled Substance), 21 U.S.C. § 841 (Possession with Intent to Distribute a Controlled Substance), and 21 U.S.C. § 843(b) (Use of a Communication Facility to Commit a Federal Drug Felony), are likely to be found in the contents of the SUBJECT CELLULAR TELEPHONES further described in Attachment A.

_____
Special Agent Ivan Valenzuela
Drug Enforcement Administration

Subscribed and sworn to before me this ___7___ day of __April__, 2022.

_____
HONORABLE MICHAEL T. MORRISEY
United States Magistrate Judge

9